UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT ANDREW REED,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD S. TISCHNER &<br>JENNIFER DAVIS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 22-cv-00855 (APM)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION

I.

Plaintiff Robert Andrew Reed brings the instant action against Defendants Richard Tischner and Jennifer Davis, who are employees of the Court Services and Offender Supervision Agency ("CSOSA") for the District of Columbia. Plaintiff alleges that Defendants conspired with each other and with a U.S. Parole Analyst to steal his identity and "turn [him] into a [d]ebter." Plaintiff further contends that Defendants "illegally wrote bonds" in his name, "filed a false report/false statements," and sought "to have [him] kidnapped [sic] and arrested." Plaintiff asks the court to send a U.S. Marshal to transport him from the District of Columbia Jail to the Superior Court of the District of Columbia so he can file a criminal complaint against Defendants.

Plaintiff initially filed this complaint in D.C. Superior Court on September 25, 2021. Notice of Removal, ECF No. 1, Compl., ECF No. 1-1 [hereinafter Compl.], at 1. The case was removed to this court, and Defendants subsequently filed a motion to dismiss for lack of subject matter jurisdiction, failure to state a claim, and failure to effectuate proper service. Defs.' Mot. to

Dismiss, ECF No. 8 [hereinafter Defs.' Mot]. Plaintiff has not opposed Defendants' Motion. For the reasons that follow, Defendants' motion is granted.

## II.

Defendants first argue that this court lacks subject matter jurisdiction because Plaintiff's "request to be brought from the D.C. jail to the Superior Court courthouse is moot" as Plaintiff is "not at the D.C. jail." Defs.' Mot. at 4 (citing D.C. Sup. Ct. Docket, ECF No. 5 at 3).

"Motions to dismiss on grounds of mootness are properly brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure." *Flores ex rel. J.F. v. District of Columbia*, 437 F. Supp. 2d 22, 27 (D.D.C. 2006). "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions.'" *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (quoting *California v. San Pablo & Tulare R.R. Co.*, 149 U.S. 308, 314 (1893)). "[I]t is not enough that a dispute was very much alive when suit was filed." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* at 478 (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). A court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

Plaintiff's sole request for relief asks the court to "send the U.S. Marshals to pick [him] up to bring [him] to the courthouse so that [he] can file a criminal complaint." Compl. at 1. As of February 10, 2022, Plaintiff was no longer at the D.C. jail. *See* D.C. Sup. Ct. Docket at 3 (entry on February 15, 2022 indicates that Plaintiff was not at the D.C. jail on February 10, 2022). Because Plaintiff is currently not at the D.C. Jail, it is "impossible" for this court to grant Plaintiff

the relief he seeks—to be transported from the D.C. Jail to D.C. Superior Court for the purpose of filing a criminal complaint. *Chafin*, 568 U.S. at 172. His claim is therefore moot, and the court lacks subject matter jurisdiction.

### III.

Alternatively, Defendants ask the court to dismiss Plaintiff's claim for failure to effectuate proper service. A party may seek dismissal of a complaint on the basis of "insufficient service of process." FED. R. CIV. P. 12(b)(5). When service is contested, "the plaintiff carries the burden of establishing that he has properly effected service." *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). "To serve a United States officer or employee sued in an individual capacity . . . a party must serve the United States and also serve the officer or employee." FED. R. CIV. P. 4(i)(3). To serve the United States, a party must serve the United States Attorney's Office for the District of Columbia, as well as the Attorney General of the United States. FED. R. CIV. P. 4(i)(1).

Defendant contends that, because Plaintiff brings suit against Defendants in their individual capacities, Plaintiff is required to serve the United States Attorney's Office for the District of Columbia, the U.S. Attorney General, Tischner, and Davis. Defs.' Mot. at 5. Plaintiff's complaint should be dismissed, Defendant argues, because Plaintiff has failed to serve the U.S. Attorney's Office, Tischner, and Davis. *Id.* The court agrees that Plaintiff's failure to effectuate proper service is fatal to his claim and is a separate ground for dismissing his complaint. *See Johnson v. Williams*, No. 05-cv-2315 (RBW), 2006 WL 2788985, at *2 (D.D.C. Sept. 26, 2006) (dismissing case against CSOSA officials for failure to serve).

## IV.

For the foregoing reasons, Defendant's Moton to Dismiss, ECF No. 8, is granted. A final, appealable order accompanies this Memorandum Opinion.

Dated: March 3, 2023

Amit P. Mehta
United States District Judge